**FILED**

July 14, 2026 10:24 AM
ST-2023-CV-00363
TAMARA CHARLES
CLERK OF THE COURT




**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**
*******

| | | |
|---|---|---|
| JACQUELINE PAYNE, Personal Representative of the ESTATE OF TREVOR MILLER, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | CASE NO: ST-2023-CV-00363 |
| v. | ) ) ) | |
| TAJ SIWATU and 8GDA-1 LYTTON'S FANCY, LLC, | ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) ) | Cite as **2026 VI Super 33** |

## MEMORANDUM OPINION

¶1.     **THIS MATTER** comes before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint. Plaintiff opposed the motion.[1] For the reasons set forth below, the Court will deny Defendants' Motion to Dismiss in part and grant the motion in part.

## 1. BACKGROUND

¶2.     The action arises out of the conditions of an apartment complex that allegedly resulted in the fatal fall of Trevor Miller ("Miller"). Jacqueline Payne ("Payne") and Miller were longtime partners and resided at 8GDA-1 Lytton's Fancy, Apartment #5, St. Thomas VI (the "Apartment") for twelve years. Defendant 8GDA-1 Lytton's Fancy, LLC is the owner of the apartment complex. Defendant Taj Siwatu ("Siwatu") manages the apartment complex. The Apartment could be accessed via a stairway with eleven steps and a handrail. On October 21, 2021, Miller was descending the stairs while holding the handrail when the handrail gave way.  Miller fell, cracking

---

[1] Defendants filed their Motion to Dismiss Plaintiff's Complaint on April 23, 2024. Plaintiff filed her Response in Opposition to Defendants' Motion to Dismiss on May 24, 2024. Defendants filed their Reply to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss on June 13, 2024.

his skull. He suffered a brain hemorrhage and was hospitalized as a result. He died from his injuries on December 25, 2021. On October 23, 2023, Plaintiff filed the Complaint in this matter.

## 2. STANDARD

¶3.     Virgin Islands Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief can be granted. *See Mills–Williams v. Mapp*, 67 V.I. 574, 585 (V.I. 2017). Pursuant to the Virgin Islands Rule of Civil Procedure 12(b)(6), a party may challenge the court's ability to hear a case by asserting that the plaintiff failed to state a claim upon which relief can be granted. Virgin Islands Rules of Civil Procedure Rule 8(a) governs the general rules of pleadings. Rule 8(a)(2) prescribes, in pertinent part, that "a pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." V.I. R. Civ. P. 8(a)(2). Additionally, Rule 8 expressly states that the Virgin Islands "is a notice pleading jurisdiction." V.I. R. Civ. P. 8(a). Therefore, under the Rule 8(a) standard, a complaint is permitted so long as it "adequately alleges facts that put an accused party on notice of claims brought against it." *See Mills-Williams,* 67 V.I. at 585. However, a complaint fails to put a defendant on notice when the pleader "fails to articulate a cognizable claim" or "has made an allegation that is not recognized in the law as a basis for recovery." *Arno v. Hess Corp.*, 71 V.I. 463, 494-495 (V.I. Super. Ct. Oct. 17, 2019) (citations omitted).

¶4.     When considering a 12(b)(6) motion, "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Southwell by Henry v. Government of Virgin Islands*, 2011 WL 13389538, at *1 (V.I. Super. Ct. Apr. 12, 2011) (citation omitted). Additionally, a court may look to the individual bringing the suit to determine if they are authorized to receive the relief they seek. *See United Corporation v. Hamed*, 64 V.I.

297, 304 (V.I. 2016) (stating that the defendant's "standing" argument is more appropriately characterized as a challenge to the merits of the plaintiff's lawsuit).

### 3.  **DISCUSSION**

#### (a) **Statute of Limitations for Wrongful Death Claim**

¶5.    The parties do not dispute that the statute of limitations for wrongful death is two years. Courts in the Virgin Islands have long held that the statute of limitations for wrongful death actions is two years. *See Cintron v. Bermudez*, 6 V.I. 692 (D.V.I. 1968). The parties, however, disagree on when the statute of limitations accrues. Payne argues that the two-year period began on the date Miller died — December 25, 2021. Defendants argue that the correct start date is the date of the injury that ultimately resulted in Miller's death — October 21, 2021. The Court agrees with Payne.

¶6.    An action for wrongful death accrues on the date of the decedent's death, not on the date of the underlying injury or wrongful act. This is fairly well established in the Territory.  The Third Circuit, while sitting as the court of last resort for the Virgin Islands, concluded that "the legislature intended to create an independent wrongful death action, and that the accrual date for the action is the date of death." *Richardson v. Knud Hansen Mem'l Hosp.*, 744 F.2d 1007, 1011 (3d Cir. 1984). The Superior Court has reaffirmed this principle, stating that "the statute of limitations governing [the plaintiff's] wrongful death claim…does not commence until the date of the decedent's death." *Gerald v. R.J. Reynolds Tobacco Co.*, 68 V.I. 3, 126 (V.I. Super. Ct. August 29,  2017).

¶7.    This accrual rule applies even when the decedent's underlying personal injury claim would have been time-barred before death occurred. The Court in *Gerald* explained, "a wrongful death claim is not barred by the expiration of the statute of limitations on the decedent's underlying claim" because wrongful death is "an independent and separate cause of action." *Gerald v. R.J.*

*Reynolds Tobacco Co.*, 67 V.I. 441, 480 (V.I. Super. Ct. July 5, 2017). A wrongful death claim cannot accrue until someone dies, as "a wrongful death is a new claim - with its own elements that must be alleged in a complaint and proven at trial." *Martinez v. Hess Oil Virgin Islands Corp.*, 69 V.I. 519, 544 (V.I. Super. Ct. Dec. 7, 2018) (citation omitted).[2] *See also Jeremiah v. Virgin Islands Dep't of Hum. Servs.*, 77 V.I. 310, 328 (V.I. Super. Ct. June 15, 2023) (stating wrongful death claim accrued on date of death); *Hatchette v. West Indian Co., Ltd.,* 17 V.I. 549, 551 (D.V.I. 1980) (using the decedent's day of passing when discussing the statute of limitations); *Lockhart v. Government of Virgin Islands*, 2009 WL 812266, at \*7 (D.V.I. Mar. 26, 2009) (stating the wrongful death claim under 5 V.I.C. § 76 is controlled by Virgin Islands law and accrues on the date of the decedent's death). The statute of limitations for the wrongful death claim accrued on December 25, 2021, the day Miller died.[3] Plaintiff's complaint was filed on October 23, 2023. Thus, the wrongful death claim is not barred by the statute of limitations.

### (b) Payne Can Serve as a Personal Representative

¶8.     Defendants argue that the Complaint fails to state a claim upon which relief can be granted because Payne is not a survivor nor a personal representative of Miller. Defendant further states that because "Jacqueline Payne was never married to Trevor Miller, she has no standing or authority granted to her under Virgin Islands law to be the personal representative of the Estate of

---

[2] Similarly, the Virgin Islands Tort Claims Act provides a wrongful death action shall be filed "within two years after the death of the decedent." 33 V.I.C. § 3409.

[3] Wrongful death claims under 5 V.I.C. § 76 must be distinguished from survival actions under 5 V.I.C. § 77. While both may arise from the same tortious conduct, they are "separate and distinct" causes of action that "arise at a different time and address recovery of damages for totally different injuries and losses." *Gerald v. R.J. Reynolds Tobacco Co.*, 68 V.I. 3, 127 n 456 (V.I. Super. Ct. August 29, 2017). Survival actions preserve claims the decedent could have brought and are governed by different accrual rules, whereas wrongful death actions benefit the decedent's survivors and accrue only upon death. *See Jeremiah v. Virgin Islands Department of Human Services*, 77 V.I. 310, 317 (V.I. Super. Ct. June 15, 2023).

Trevor Miller."[4] Payne asserts that she can serve as a personal representative for the purpose of bringing this suit "even with no estate opened" and although the Court has not appointed her to that position.[5]

¶9.     The Virgin Islands Wrongful Death Act provides that "an action shall be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate all damages…caused by the injury resulting in death." 5 V.I.C. § 76(d).[6] Rule 17(e) of the Virgin Islands Rules of Civil Procedure, which addresses actions for wrongful death under 5 V.I.C. § 76, states that in a wrongful death suit, "the action may be prosecuted in the name of a plaintiff identified in the complaint as acting as a personal representative" and "[t]he named plaintiff shall serve as personal representative throughout the proceeding unless replaced by order of the court." V.I.R. Civ. P. 17(e).  The Advisory Committee Note to Rule 17(e) explains the purpose of this subsection:

> Subpart (e) is a provision dealing specifically with wrongful death and survival actions under 5 V.I.C. § 76 and § 77. To avoid any unnecessary requirement to open an estate, and to permit swift commencement of proceedings where required for statute of limitations or other purposes, this subpart of the rule provides that an action may be prosecuted in the name of a plaintiff who is identified in the complaint as acting as a personal representative, although court appointment to that position has not at that time been made. The named plaintiff will serve as personal representative throughout the proceeding unless replaced by order of the court.

V.I.R. Civ. P. 17 Advisory Committee Note. Although the Advisory Committee Note is self-explanatory, the Virgin Islands Supreme Court has further elucidated that "the purpose of Rule

---

[4] Def's Mot. to Dismiss 1st Am. Compl. at pg. 4.
[5] Pl's Resp. In Opp'n to Def's Mot. to Dismiss at pgs. 4-5.
[6] A personal representative includes "executor administrator, successor personal representative, special administrator, and persons who perform substantially the same function under the law governing their status."15 V.I.C. §1-201(35).

17(e) is to clarify that a probate estate need not be opened as a prerequisite to appointment of a personal representative under sections 76 or 77." *Raymond v. Assefa*, 69 V.I. 953, 959 (V.I. 2018).

¶10. More recently, the Superior Court in *Jeremiah v. Virgin Islands Dep't of Hum. Servs.* rejected the very argument advanced by Defendants and permitted the plaintiff, who had not been appointed executor or administrator in a formal probate proceeding, to file the lawsuit as the decedent's personal representative. 77 V.I. at 325. The Court clarified that "while some jurisdictions require a personal representative, such as an executor or an administrator, to be appointed first by opening an estate via a formal probate proceeding, the Virgin Islands Supreme Court, in promulgating Rule 17(e) of Virgin Islands Rules of Civil Procedure, expressly eliminated the requirement to open an estate via a formal probate proceeding as a prerequisite for a plaintiff bringing or maintaining wrongful death suits filed under Title 5 V.I.C. § 76 and survival actions filed under Title 5 V.I.C. § 77." *Id.* In this case, Payne identified herself as the "Personal Representative of the Estate of Trevor Miller" in the Complaint. Since no appointment of a different personal representative has been made, Payne can serve as the personal representative throughout the proceedings unless she is removed and replaced by court order.

**(c) Payne Cannot Recover Damages in her Individual Capacity**

¶11. As stated above, Payne can serve as the personal representative in this action. However, Payne cannot bring claims as a survivor. Paragraph 19 of the Complaint states that Plaintiff "maintains this action for wrongful death of her partner, Trevor Miller, for all such damages as are allowable by law, both in her representative capacity and individually."[7] According to the

---

[7] Compl. at ¶ 19.

Wrongful Death Act, survivors of the decedent may seek compensation for lost support after the

death of their relative. *See* 5 V.I.C. § 76(e)(1). The Wrongful Death Act defines survivors as:

> the decedent's spouse, children, parents, and, when partly or wholly dependent on
> the decedent for support or services, any blood relatives and adoptive brothers and
> sisters. It includes the illegitimate child of a mother, but not the illegitimate child
> of the father unless the father has recognized a responsibility for the child's support.

5 V.I.C. § 76(b)(1). The individuals who may recover damages for wrongful death are defined by

statute. Payne does not qualify as a survivor under the Wrongful Death Act. The statute clearly

provides that a "decedent's spouse" is a survivor.[8]  Plaintiff does not allege that Miller was her

spouse. Rather, she alleges that he was her "long-time partner" for "34 years" and that they lived

together at Defendants' Apartment for 12 years.[9]  The Virgin Islands Wrongful Death Statute does

not allow a surviving long-term partner to recover for the wrongful death of their deceased partner.

---

[8] Although the Virgin Islands Wrongful Death Act does not define "spouse," the term is consistently used throughout the Virgin Islands Code to mean a party to a valid, legally recognized and subsisting marriage, with spousal status terminating upon legal separation or divorce by court decree. The following statutory provisions collectively treat a spouse as a party to a valid, legally recognized marriage. Title 16 V.I.C. § 63 abolishes interspousal immunity and states that "[t]he common law doctrine of interspousal immunity is hereby declared to be abolished and either spouse may sue and be sued, not only free from the other spouse's participation and control, but they also may sue one another for injuries to person or property to the same extent and manner as if unmarried." Title 16 V.I.C. § 341 defines an obligor as any person "required to make payments under the terms of a support order for a child, spouse, former spouse, or any other specified person", and defines an obligee as any person entitled to "receive payments under such an order for child, spouse, former spouse or any other person specified in section 342." Title 5 V.I.C. § 854 expressly states that a "valid marriage must exist when the witness-spouse is called to testify for spousal immunity to apply." Similarly, 5 V.I.C. § 855 defines the marital communication privilege as prohibiting "spouses from divulging confidential communications between them that occurred during their marriage, without the other's consent." Title 16 V.I.C. § 109 defines marital property as "all real and personal property acquired by either spouse subsequent to the marriage." These statutory provisions anchor the definition of "spouse" to the existence of a valid, legal subsisting marriage. The Supreme Court of the Virgin Islands has referred to "spouse" as a party to a marriage. *See Inniss v. Inniss*, 65 V.I. 270 (V.I. 2016). The Virgin Islands Supreme Court Code of Judicial Conduct defines "Domestic partner" as a person with whom another person maintains a household and an intimate relationship, other than a person to whom he or she is legally married." V.I. S. Ct. R. 213. This further confirms that "spouse" refers to a party to a legally valid and subsisting marriage. It should also be noted that Black's law dictionary defines spouse as "[o]ne's husband or wife by lawful marriage, a married person. Black's Law Dictionary, (8th ed. 2004).

[9] Compl. at ¶ 2 and 7.

The survivor must have been the decedent's legal spouse. [10] This Court understands Payne's desire to recover individually for the injuries allegedly sustained by her partner of more than thirty years. Her financial and emotional losses are no less significant or diminished simply because she was not legally married to her partner. However, this Court must apply the law as written.[11] It is not the Court's role to rewrite the law. That responsibility lies with the Virgin Islands Legislature. At this juncture, the Court is guided by the statutory scheme.

¶12.     Unmarried cohabitants, regardless of the length or nature of their relationship, cannot recover damages in their individual capacity in a wrongful death action in the Virgin Islands. Under the Wrongful Death Act, survivors are strictly defined as legally married spouses or certain specifically named family members. Since Payne was not Miller's spouse, she does not qualify as a survivor under the Wrongful Death Act and, therefore, cannot bring a claim in her individual capacity. In short, Payne may pursue Count One only in her representative capacity, not as an individual survivor.

---

[10] *See e.g.*, *Holguin v. Flores*, 18 Cal. Rptr. 3d 749 (2004) (court strictly construing California law held that unmarried male cohabitant had no standing to bring wrongful death action, but a registered domestic partner would have standing under the statute to sue for wrongful death); *Sykes v. Zook Enters., Inc.,* 521 A.2d 1380, 1383 (Law. Div. 1987) (holding that Plaintiff who admits the absence of a marriage and identifies herself only as decedent's "purported wife," has no right of recovery in a wrongful death action under New Jersey statute).

[11] Domestic partners have been recognized in a number of statutory provisions. Under the Virgin Islands Unemployment Insurance statute, an individual's immediate family expressly includes the spouse or domestic partner of the individual, as well as parents and siblings of the individual's domestic partner. Domestic partners are treated equivalently to spouses for purposes of determining eligibility for unemployment benefits when an employee leaves work to care for a family member. *See* 24 V.I.C. 24 § 304(12)(ii). The Virgin Islands Behavioral Health Act, in its provisions governing Extreme Risk Protection Orders, lists the domestic partner of a respondent as one of the categories of persons who may petition for such an order. *See* 19 V.I.C. § 1101(d)(4). Hence, if the Virgin Islands Legislature intended a domestic partner or common law partner to be considered a survivor under the Wrongful Death Act, it could have done so.

### (d) Plaintiff Cannot Recover for Loss of Consortium

¶13. In Count Two, Payne states that she "has been and forever will be deprived of the companionship, society and consortium of her partner, deceased, Trevor Miller."[12] This language clearly identifies Count Two as a claim for loss of consortium.[13] Defendant argues that Payne cannot maintain a cause of action for loss of consortium because she was never married to Miller, and only a legal spouse of an injured plaintiff can maintain a cause of action for loss of consortium.[14] The Virgin Islands Code expressly mandates that no marriage shall be valid unless solemnized by an authorized officiant, including a minister, judge, or judge of any court of record.[15] This solemnization requirement is a prerequisite to a valid marriage under Virgin Islands law. Thus, an informal common-law union or domestic partnership is not recognized as a legally valid marriage formed within the Territory. Informal cohabitation arrangements are inconsistent with the Virgin Islands' statutory framework for marriage.

¶14. It is well established that claims for loss of consortium are only applicable between legal spouses. Various courts, including this Court, have reached the same conclusion. *See Henry v. Virgin Islands Water & Power Authority*, CASE NO. ST-08-CV-72, 2008 WL 11519288, at *2 (V.I. Super. May 9, 2008) (holding that loss of consortium does not extend to unmarried couples

---

[12] Compl. at ¶ 21.

[13] Historically, a cause of action for loss of consortium has been legally cognizable in the Virgin Islands. It is a derivative action by the non-injured or surviving spouse for the loss of the marital relationship, such as love, society, companionship, and sexual relations, as a result of injury or death of a spouse. *Bryson v. Litwin Pan Am., Inc.*, 1985 WL 1264251, at *1 (V.I. Super. Ct. Aug. 9, 1985).

[14] Def's Mot. to Dismiss 1st Am. Compl. at pg. 9.

[15] Title 16 V.I.C. § 32 states that:

No marriage shall be valid unless solemnized by-

(1) a clergyman or minister of any religion whether he resides in the Virgin Islands or elsewhere in the United States; or

(2) witnessed by a Local Spiritual Assembly of the Bahai is according to the usage of their religious community; or

(3) any judge or any court of record.

or cohabitants in a relationship; therefore, a fiancée cannot maintain a cause of action for loss of consortium); *Sykes v. Zook Enters., Inc.*, 521 A.2d 1380, 1383 (Law. Div. 1987) (plaintiff "who admits the absence of a marriage relation and styles herself only as decedent's 'purported wife,' has no right of recovery" for loss of consortium); *Robinson v. Hartzell Propeller Inc.*, 276 F. Supp. 2d 412, 414 (E.D. Pa. 2002) (loss of consortium claim not available for parties that were unmarried but living together at the time of the accident); *Milberger v. KBHL, LLC*, 486 F. Supp. 2d 1156, 1161-1166 (D. Hawai'i 2007) (finding unmarried partner lacked standing to bring a loss of consortium claim). The Restatement (Second) of Torts also identifies a spouse as the only party to bring a claim of loss of consortium. *See* Restatement (Second) of Torts § 693 (1977). Since Payne and Miller were not legally married, Payne cannot pursue a claim for loss of consortium.

**(e) Amendment Substituting the Plaintiff**

¶15.    At this time, the Court declines to analyze whether any potential amendment would be futile because it has been determined that Payne can serve as the personal representative to bring the claim for wrongful death, and no motion to amend the Complaint has been filed. The Court sees no reason to decide an issue that is not yet ripe.

## 4.    CONCLUSION

¶16.    Based on the foregoing, the Court will grant in part and deny in part Defendant's motion to dismiss.  Payne may pursue a wrongful death action as the personal representative of the Estate of Trevor Miller. However, because Payne and Miller were not married at the time of Miller's death, and a long-term domestic partner or common-law partner is not considered a survivor under the Wrongful Death Act, Payne cannot maintain an action for wrongful death in her individual capacity nor recover damages for loss of consortium.

An Order consistent with this Memorandum Opinion shall follow.


Dated: July 14, 2026

                                    **Carol Thomas-Jacobs**
                              Judge of the Superior Court
                               of the Virgin Islands


ATTEST:
Tamara Charles
Clerk of the Court

By: _____

for Latoya Camacho
Court Clerk Supervisor 07 / 15 / 2026